NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2042
_____

RIVER VALLEY HEIGHTS CORPORATION;
MERRICK WILSON,
                              Appellants

v.

TOWNSHIP OF WEST AMWELL
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-19-cv-16039)
District Judge: Honorable Michael A. Shipp
_____

Submitted under Third Circuit LAR 34.1(a)
On March 29, 2022

Before:  RESTREPO, ROTH and FUENTES, Circuit Judges

(Opinion filed: February 1, 2023)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

ROTH, Circuit Judge

Developers sued the Township of West Amwell, claiming it violated the Fifth Amendment by taking their property without providing just compensation. However, at the time the Developers sued, the Township had not made a final decision to take the property. Therefore, the District Court found the Developers' claim was unripe, and dismissed their suit for lack of subject-matter jurisdiction. We will affirm.

I.

The Township and the Fair Share Housing Center were parties to a declaratory judgment action in New Jersey Superior Court. In December 2018, the Township adopted a resolution to execute a settlement agreement with the Housing Center. The settlement agreement provided that the Township would "secure title" to property owned by River Valley Heights Corporation.[1] We refer to the River Valley Heights Corporation and its principal, Merrick Wilson, as the Developers.

The New Jersey Superior Court held a fairness hearing to decide whether the settlement agreement satisfied the Township's obligation under New Jersey law to provide low- and moderate-income housing. The Court recognized

> that aspects of the Township's Plan regarding the Wilson property raises[sic] yet unresolved issues concerning (1) whether the Township will follow through to gain control of the site; and (2) whether the site is available, feasible and suitable to meet the Township's proposal, including issues involving access, sewer and water availability.[2]

---

[1] App. at 18 (Compl. ¶ 3), 110 (Certification of Merrick Wilson ¶ 2).
[2] *Id*. at 67 (New Jersey Superior Court Order Re: Fairness Hearing).

2

In July 2019, the Superior Court ordered the Developers to allow the Township and its contractors to access the property so that they could perform due diligence. At the same time, the Superior Court ordered:

> The Township shall engage in negotiations with Mr. Wilson for acquisition of the Wilson Tract. If such negotiations do not result in an amicable transaction of sale, the Parties shall discuss a timeline for a possible condemnation of the Wilson Tract . . . *Nothing herein shall obligate the Township to acquire the Wilson Tract*.[3]

A few weeks later, the Developers sued the Township under 42 U.S.C. § 1983, alleging that the Township took the property without just compensation in violation of the Fifth Amendment. The Township moved to dismiss the Developers' action for lack of subject-matter jurisdiction and failure to state a claim. The District Court found that the parties did not dispute that the Township "has taken no action with respect to" the property.[4] Thus, the District Court concluded the Developers' claim was unripe and dismissed the action for lack of subject-matter jurisdiction. The Developers appealed.

## II.

The District Court had jurisdiction to determine its jurisdiction.[5] We, too, have jurisdiction to determine our jurisdiction.[6] We review de novo the District Court's order,

---

[3] *Id*. at 70–71 (New Jersey Superior Court Order Re: Case Management) (emphasis added).

[4] *Id*. at 11.

[5] *Sherwin-Williams Co. v. Cnty. of Delaware*, 968 F.3d 264, 268 n.1 (3d Cir. 2020).

[6] *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 222 (3d Cir. 2007).

dismissing the action for lack of subject-matter jurisdiction.[7]  We lack subject-matter jurisdiction over unripe claims.[8]

III.

The Fifth Amendment's Taking Clause prohibits the government from taking private property for public use without just compensation.[9]  "The paradigmatic taking requiring just compensation is a direct government appropriation or physical invasion of private property."[10]  However, "government regulation of private property may, in some instances, be so onerous that its effect is tantamount to a direct appropriation or ouster."[11]  "Such regulatory takings may be compensable under the Fifth Amendment."[12]  Here, the Developers allege a regulatory taking.  They claim the "Township has effectively taken the property" by entering into the settlement agreement with the Housing Center.[13]

In *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*,[14] the Supreme Court held "a claim that the application of government regulations effects a taking of a property interest is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the

---

[7] *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 356 n.12 (3d Cir. 2014).
[8] *See Marathon Petroleum Corp. v. Sec'y of Fin. for Delaware*, 876 F.3d 481, 488 n.9 (3d Cir. 2017).
[9] U.S. Const. amend. V.  The Takings Clause applies to the States through the Fourteenth Amendment.  *Am. Exp. Travel Related Servs., Inc. v. Sidamon-Eristoff*, 669 F.3d 359, 370 (3d Cir. 2012).
[10] *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 537 (2005).
[11] *Id.*
[12] *Id.* (cleaned up).
[13] App. at 18 (Compl. ¶ 4).
[14] 473 U.S. 172, 186 (1985), overruled on other grounds by *Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2162 (2019).

4

application of the regulations to the property at issue."  Here, the District Court correctly concluded that the Township had not made a final decision regarding the property.  The New Jersey Superior Court found that there was uncertainty over whether the Township would follow through on its plan to acquire the property and whether the property is even suitable for the Township's purposes.

The Developers argue that the Supreme Court overruled *Williamson County*'s finality requirement in a later decision, *Knick v. Township of Scott, Pennsylvania*.[15]  In fact, although the Court partially overruled *Williamson County* in *Knick*, the Court expressly said the finality requirement was not "at issue" in *Knick*.[16]  What's more, since *Knick*, the Court has reaffirmed the validity of the finality requirement.[17]  Thus, the finality requirement is still good law.  It renders the Developers' claim unripe, and in turn deprives federal courts of jurisdiction over this action.

III.

We will affirm the District Court's Order, dismissing this action for lack of subject-matter jurisdiction.

---

[15] 139 S. Ct. at 2169.
[16] *Id.*
[17] *Pakdel v. City & Cty. of San Francisco, California*, 141 S. Ct. 2226, 2228 (2021) ("When a plaintiff alleges a regulatory taking in violation of the Fifth Amendment, a federal court should not consider the claim before the government has reached a 'final' decision.").